**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 5:26-cr-327 |
| Plaintiff, | : | |
| | : | JUDGE BRIDGET MEEHAN BRENNAN |
| -vs- | : | |
| DEMETRIUS MOORE, | : | **DEFENDANT'S UNOPPOSED MOTION TO EXTEND AND CONTINUE CURRENT DATES AND DEADLINES** |
| Defendant. | : | |

Defendant, through counsel, moves this Honorable court for a continuance of approximately 60 days of the Final Pretrial Hearing (currently scheduled for August 31, 2026), Trial date (currently set for September 14, 2026), the pretrial motion (currently set for August 12, 2026) and all related motion and submission deadlines reflected in the Court's Trial Order (R. 10).

The Speedy Trial Act provides that a Court shall exclude time when "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). The factors to be considered in such an evaluation are listed at 18 U.S.C. § 3161(h)(7)(B)(i)-(iv). Those factors are satisfied here. To prevent a miscarriage of justice and to allow for effective representation, additional time is needed, despite counsel's diligence. See 18 U.S.C. § 3161(h)(7)(B)(i) and (iv). Further, this case's facts present a possible complex issue involving search and seizure, such that additional time is needed for adequate preparation for pretrial proceedings. 18 U.S.C. § 3161(h)(7)(B)(ii).

The indictment was filed in this case on July 21, 2026, and counsel filed a request for discovery the next day on July 22, 2026. An initial disclosure of discovery was provided to counsel's office on August 5, 2026. That same day, counsel and the government began discussing

the case, including issues surrounding discovery. Counsel was informed that additional discovery relating to possible search and seizure issues are yet to be disclosed. Those discussions concerning discovery are ongoing. On August 12, 2026, the parties began discussing the possibility of a protective order relating to certain discovery. Again, that conferral is ongoing.

Undersigned counsel has begun a review of the discovery that was disclosed on August 5, 2026. Despite diligence, counsel needs additional time to finish a complete review of that discovery. In short, this case involves a traffic stop, a drug dog sniff, a search of the vehicle Mr. Moore was driving, use of an x-ray device to view the car's glove box, and the forcible entry of the locked glove box compartment. Inside the glove box, a firearm was found. The government has explained to counsel that additional discovery is anticipated to be provided concerning other issues relating to the traffic stop, the vehicle search, and possible issues related to search and seizure during this incident.

Counsel has also met with Mr. Moore on several occasions, including in-person visits at the jail and numerous telephone calls. Counsel has begun to discuss this case with Mr. Moore. However, because the initial discovery disclosure occurred only one week ago, counsel needs additional time to review the discovery with Mr. Moore. Additional time is also needed to discuss the case with Mr. Moore, review full discovery with him, and discuss with him his options and the potential consequences of each option.

Counsel also needs additional time to conduct necessary investigations, including investigation relating to the vehicle. An investigator has been assigned to this case, but despite diligence, additional time is needed to fully investigate the facts of this case and its allegations.

Additional time is needed to draft pretrial motions. As discussed, discovery relating to potential pretrial motion(s) is yet to be disclosed. Once it is disclosed, counsel and his office will require time to research and prepare pretrial motions to ensure effective representation of counsel. Last, additional time is needed for the parties to continue their conferral, including engaging in potential plea discussions (if applicable).

Based upon these circumstances, the requested 60-day extension and continuance satisfy the factors set forth at 18 U.S.C § 3161(h)(7)(B)(i), (ii), and (iv), and it is necessary to ensure effective representation of counsel. The ends of justice served by granting this motion outweigh the best interests of the public and Mr. Moore in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A).

Undersigned counsel has discussed this motion with Assistant U.S. Attorney James Lewis, who indicated that the government has no objection to this request.

Undersigned counsel has also discussed this motion with Mr. Moore. Mr. Moore expressed that he is in support of counsel filing this motion. Specifically, Mr. Moore understands that the pretrial motions deadline is currently set for August 12, the pretrial conference is set for August 31, and trial is set for September 14, 2026. Mr. Moore expressed he has no objection to counsel requesting a 60-day extension of the pretrial motion deadline and a 60-day continuance of the pretrial conference and trial setting. He expressed that he understands the current dates are based upon the Speedy Trial Act's 70-day trial requirement, and expressed support for counsel continuing those dates, if needed (which they are, as detailed herein). However, Mr. Moore has also declined to sign the speedy trial waiver form. Instead of signing the document, he asked counsel to express, again, that he is "in support" of counsel filing the instant motion, but he does not want to sign the provided form.

For these reasons, undersigned counsel respectfully requests that the Court grant this unopposed motion and continue all dates and deadlines for approximately 60 days.

Respectfully submitted,

STEPHEN C. NEWMAN
Federal Public Defender
Ohio Bar: 0051928

*/s/ David E. Johnson*
DAVID E. JOHNSON
Assistant Federal Public Defender
Ohio Bar: 0081505
1660 West Second Street, Suite 750
Cleveland, Ohio 44113
(216) 522-4856 Fax: (216) 522-4321
e-mail address: David_Johnson@fd.org