Rev'd 8/6/2026

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 5:26-cr-327 |
| | ) | |
| Plaintiff, | ) | JUDGE BRIDGET MEEHAN BRENNAN |
| | ) | |
| v. | ) | |
| | ) | |
| MOORE, *et al.*, | ) | **CASE MANAGEMENT** |
| | ) | **AND TRIAL ORDER** |
| Defendants. | ) | |

The defendants in this matter were arraigned, and the Court now enters this Case Management and Trial Order setting forth applicable deadlines and procedures.

## PLEAS AND PLEA STATEMENTS

The change of plea deadline is **November 24, 2026.** A change of plea hearing may be scheduled on or before this date, if requested by counsel. Otherwise, after being notified of an intent to plead, the Court will typically convert the already scheduled final pretrial hearing to a change of plea hearing. When a defendant intends to change his/her plea without a written plea agreement, counsel shall promptly and jointly provide the Court with a plea statement setting forth the elements of the offense(s) to which the defendant is pleading, the statutory penalties for the offense(s), and, if agreed to, a factual basis. When there is a written plea agreement, a copy shall be provided to the Court sufficiently in advance of the change of plea hearing, so the Court has time to review the parties' plea agreement.

## FINAL PRETRIAL CONFERENCE

The final pretrial conference in this matter will take place in Courtroom 15B, 801 West Superior Avenue, Cleveland, Ohio, on **November 30, 2026, at 11:00 a.m**. Lead counsel of record must be present and prepared with full authority to discuss all aspects of the case, including any pending motions, trial presentation, *voir dire*, and jury instructions. The defendant must be present.

## TRIAL

Jury selection shall commence in Courtroom 15B, 801 West Superior Avenue, Cleveland, Ohio, on **December 14, 2026, at 8:00 a.m.**

The following instructions will govern the operation of the trial and the obligations of parties and their counsel:

### 1. Trial Days

All counsel and parties are to be in the courtroom at 8:00 a.m., with trial days concluding at or near 5:00 p.m., unless circumstances dictate otherwise. The Court typically takes one fifteen-minute break in the morning, a one-hour lunch break, and one fifteen-minute break in the afternoon. Counsel must notify Court staff of any trial issues to be addressed by the Court outside the presence of the jury so that trial may proceed with as few interruptions as possible. If there are matters to address in the morning, the Court will address them before the jury is brought into the courtroom. Counsel should also expect to stay after the trial day concludes so any matters can be addressed before all are excused for the day.

All parties and counsel are to be present in the courtroom during voir dire and when the jury is seated unless attendance is otherwise excused by the Court.

**2. Motions and Trial Briefs**

Motions *in limine*, shall be filed no later than five (5) calendar days before the final pretrial conference. Responses to be filed three (3) days later. The Court does not look favorably upon the practice of filing *pro forma* motions. It is expected that every motion filed will be properly stated and supported. *See* LCrR 12.1 ("All pretrial motions . . . shall be filed with a brief written statement of the reasons in support of the motion and a list of authorities on which the movant relies.")

Trial briefs shall be filed no later than five (5) calendar days before the trial date. A complete trial brief includes: (a) a statement of the facts; (b) a complete discussion of the controlling law with appropriate citations to legal authority; and (c) a discussion of any evidentiary issues likely to arise at trial. The header of every document in the electronic record of a case contains a "PageID #" in the upper right corner. Whenever a motion, brief, or other filing makes reference to the record, it must do so using that PageID #. (Example: Doc. 22 at 1253.)

**3. Stipulations of Fact and Preliminary Statements**

Counsel for the parties shall confer and prepare written stipulations to all uncontested facts to be presented at trial to the jury or to the Court, as the case may be. Stipulations of fact are strongly encouraged in order to eliminate the need for testimony of witnesses as to facts which are not in dispute. Said stipulations shall be signed by both counsel as well as the defendant and filed with the Court no later than five (5) calendar days before the trial date.

Counsel shall also prepare and submit a Joint Preliminary Statement (not to exceed two (2) pages) describing the case in an impartial, easily understood, and concise manner for use by the Court during *voir dire*. This statement must be filed with the Court and a Word copy emailed

to Brennan_Chambers@ohnd.uscourts.gov no later than five (5) calendar days prior to the trial date.

**4. Exhibits**

Counsel shall exchange exhibit lists (*see* Appendix A) on or before three (3) calendar days before the final pretrial. The exhibit lists shall identify and briefly describe each item of documentary or physical evidence which is to be offered. Each attorney shall have a continuing obligation to supplement the party's exhibit list immediately upon learning of any additional exhibit.

Any objection to a proposed exhibit is due two (2) days later. The objection(s) must include a brief statement as to why the proposed exhibit should not be permitted or admitted, as well as specific citations to pertinent case law or other legal authority.

The Court is using technology to facilitate the jury's review of exhibits (Jury Evidence Recording System or "JERS"). The Court will issue a separate order addressing format and timing, but each party should expect to submit to Chambers all of their exhibits on a single storage device no later than one week before the scheduled trial date. Parties will retain their original exhibits. Exhibits submitted after trial begins will not be provided to the jury via JERS and must be provided in hard copy (or separate storage device if the item is recording) for jury deliberation.

**5. Witnesses**

Counsel shall file under seal a list of proposed witnesses (*see* Appendix B) on or before five (5) calendar days before trial. The witness lists shall provide a brief description of each witness and the purpose of witness's testimony.

Any objection to a proposed witness is due three (3) days later. The objection(s) shall include a brief statement as to why the proposed witness should not be permitted, as well as specific citations to pertinent case law or other legal authority.

**6. *Voir Dire***

The Court will conduct initial *voir dire* of the panel and of individual panel members. Proposed questions for the Court's *voir dire* must be filed no later than three (3) calendar days before the final pretrial conference.

**7. Jury Instructions**

Counsel must file complete jury instructions with the Court and email them to chambers in Word format. The instructions should include: (a) the general boilerplate instructions on issues such as credibility, burden of proof, etc.; (b) the law applicable to the particular charges for which the defendant is on trial; (c) any interrogatories; and (d) jury verdict forms.

Counsel shall exchange proposed jury instructions no later than seven (7) calendar days before the final pretrial conference. Counsel shall then confer regarding their respective proposals in an effort to reach an agreement regarding as many jury instructions and interrogatories as possible.

A single joint submission of jury instructions shall be filed no later than three (3) calendar days before the final pretrial conference, providing: (a) agreed upon instructions; (b) instructions proposed by plaintiff, but opposed by defendants; and (c) instructions proposed by defendants, but opposed by plaintiffs. All proposed instructions shall be supported by citations to legal authority.

**8. *Jencks* and Reciprocal *Jencks* Material**

Unless there is a well-founded concern for the safety of the witness, the parties are strongly encouraged to provide *Jencks* and reciprocal *Jencks* material **before** trial commences

and certainly no later than the close of proceedings the day before the witness is expected to testify.

## GENERAL MATTERS

### 1. Filings and Deadlines

For any motion filed, the other party must file a response. For motions to suppress, the government's response must be filed within seven (7) calendar days, unless otherwise ordered by the Court. Any reply may be filed within three (3) calendar days. For all other motions, excluding motions *in limine*, a response must be filed within five (5) calendar days, unless otherwise ordered by the Court. When a motion indicates that it is unopposed, a responsive filing will not be required.

Again, *pro forma* motions are not favored. "All [] motions . . . shall be filed with a brief written statement of the reasons in support of the motion and a list of authorities on which the movant relies." LCrR 12.1.

### 2. Electronic Courtroom

The Court is pleased to offer technologically advanced courtrooms. This courtroom features, among other things, the technology necessary to present evidence in a video format. The Court encourages all counsel to utilize this technology whenever appropriate.

Counsel bears the responsibility for developing proficiency with this technology well in advance of any evidentiary hearing or trial. Counsel also bears the responsibility for ensuring their exhibits can be seen and heard when such technology is used. The Court will make staff available to facilitate counsel's access to the courtroom prior to hearings and trial so counsel may test the equipment and ensure its use during the hearing or trial.

**3. Speedy Trial/Motions to Continue**

The Speedy Trial Act expressly states what time may be excluded for speedy trial purposes and under what circumstances an extension of time or continuance may be sought. *See* 18 U.S.C. § 3161(h). In the first instance the defendant seeks an extension of time, a timely motion must be submitted to the Court and a speedy trial waiver signed by the defendant must be attached. The waiver must acknowledge the defendant's understanding of his/her speedy trial right, that the decision to waive that right is knowing and voluntary, and the reason(s) for waiving that right (*i.e.*, additional time is necessary to prepare a defense, taking into account the exercise of due diligence). Defense counsel should indicate whether the motion is unopposed. If an unopposed motion and executed waiver are timely filed, the Court will likely rule on the motion after a scheduled telephonic status conference with lead counsel to establish new dates.

If either counsel believes an in-court hearing is preferred or necessary, counsel should state so in the motion or, in the case of the non-movant, state so in a separate filing. Any subsequently filed defense motions to continue will likely be resolved in an on-the-record hearing. Where the government seeks to continue dates beyond the speedy trial deadline, the court will hold an on-the-record hearing with all lead counsel and the defendant before ruling on the motion.

**4. Generative Artificial Intelligence**

"Generative artificial intelligence" ("generative AI") is a type of artificial intelligence capable of creating new content (such as text, writings, images, videos, or audio) in response to a prompt (such as a query) to a large reference database. Common examples of such platforms are ChatGPT, Claude, DALL-E 3, and Gemini. While AI rapidly evolves, and generative AI continues to improve due to the volume of information users' queries put to these large reference

databases, the accuracy of the end product is not entirely settled. Sometimes the end product includes "hallucinated" or false information, even false case law citations.

To the extent counsel or any *pro se* litigant uses generative AI, or any other AI, to research, compose, or draft a paper or to create any other submission presented to the Court, each is hereby reminded of the obligation to verify the accuracy of any citation or document presented to the Court, including the obligations stated in the applicable rules of attorney discipline. This includes reviewing and verifying the legitimacy and accuracy of every citation included in the filing. It also extends to any exhibits submitted for consideration. Counsel is also reminded of their duty to safeguard confidential client information. Queries to AI platforms that include confidential client information may violate applicable rules of professional conduct. *See, e.g.*, Rule 1.6 of the Ohio Rules of Professional Conduct. If a Protective Order is entered in this case, the Court further cautions counsel and *pro se* litigants that queries to AI platforms disclosing protected information may violate the Protective Order.

**5. Evidentiary Hearings**

All exhibits must be marked in advance of the hearing. At least two (2) business days before the hearing, each party must provide the Court with a copy of the exhibits they intend to utilize. The Court will accept hard copies or copies on a single storage device such as a CD, DVD, or USB drive.

**6. Presentence Investigation Reports**

In the event Presentence Investigation Reports (*i.e.*, a draft Report and a final Report) are prepared in this case, the parties are reminded that the Reports are and at all times remain the property of this Court. Neither the draft Report nor the final Report may be shared with, shown to, or reviewed by any co-defendant or non-party without prior authorization from the Court.

**7. Sentencing Hearings**

The Court expects all parties to adhere to Local Criminal Rule 32.2 for the submission of information relative to sentencing, including sentencing memoranda. The Court strongly encourages parties to submit a sentencing memorandum in advance of sentencing hearings, especially if there are outstanding objections to any portion of the offense level calculation or criminal history category determination.

If any party intends to call witnesses or present exhibits at the sentencing hearing, that party must file a notice with the Court identifying the witnesses and exhibits, with a copy of said notice served on opposing counsel via electronic filing and the Probation Officer via direct email, no less than seven (7) calendar days before the sentencing hearing. *See* LCrR 32.2(c). Intended exhibits must be provided to the Court, opposing counsel, and the Probation Officer in .pdf format or on an external drive, whichever is appropriate, no later than seven (7) calendar days before the sentencing hearing. Any request for relief must be set forth in a motion filed no later than ten (10) calendar days before the sentencing hearing. Failure to comply with Local Criminal Rule 32.2 or this Order may result in the postponement of the sentencing hearing or the exclusion of sentencing memoranda, witnesses, or exhibits from consideration.

**IT IS SO ORDERED**.

Date: November 2, 2026

BRIDGET MEEHAN BRENNAN
UNITED STATES DISTRICT JUDGE

Rev'd 8/6/2026

# TIMELINE OF SUBMISSIONS SPECIFIED IN TRIAL ORDER

**Twenty-one (21) calendar days after the arraignment**

Motions deadline, with the exception of motions *in limine*

**Seven (7) calendar days before the final pretrial conference**

Parties to exchange proposed jury instructions

**Five (5) calendar days before the final pretrial conference**

Motions *in limine* (with objections due three (3) days later)

**Three (3) calendar days before the final pretrial conference**

1. Single, joint submission of proposed jury instructions, with a Word copy emailed to the Court
2. Proposed *voir dire* questions
3. Parties to exchange proposed exhibit lists (Appendix A) to facilitate the use of JERS (with objections due two (2) days later)

**Five (5) calendar days before the trial date**

1. Trial briefs
2. Stipulations of Fact
3. Joint Preliminary Statement, with a Word copy emailed to the Court
4. Proposed witness lists (Appendix B) (with objections to be *exchanged and filed under seal* three (3) days later)